# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

OSSIE LEE SLAUGHTER,

        Plaintiff,

v.

SUPERINTENDENT JEFF UTTECHT, ASSOCIATE SUPERINTENDENT BAILEY, CAPTAIN THOMPSON, CUS ORTIZ, CUS CHRISTOPHER HICKS, D. NILES, J. CRUGER, and M. DUNCAN,

        Defendants.

NO: 4:16-cv-05109-LRS

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING ACTION FOR FAILURE TO PAY FILING FEE, AND DENYING PENDING MOTIONS AS MOOT**

By Order filed September 19, 2016, the Court directed Mr. Slaughter, a *pro se* prisoner at the Washington State Penitentiary, to show cause why he should not be precluded from proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(g). ECF No. 8. Plaintiff has filed a response consisting of 12 pages, plus

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 1**

more than 80 pages of exhibits, including kites and grievances, many of which post-date the complaint. ECF No. 9.

Plaintiff does not refute the Court's finding that at least three prior actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim[1]. Rather, Plaintiff accuses the undersigned judicial officer of having a "conflict of interest." The basis for this alleged conflict is that the undersigned judicial officer presided over one of those prior dismissed action, 2:2011-cv-00430-LRS, and allegedly mischaracterized the nature of the dismissal of that action.

A judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also New York City Housing Develop. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986).

A judge who decides a prior action is not required to recuse himself. Plaintiff has presented no facts demonstrating that this Court's prior ruling on the merits of his case in 2:11-cv-00430-LRS, *Slaughter v. Sinclair et al.*, was based on anything other than

---

[1] *See* 2:05-cv-01690-JCC (WD Washington); 2:11-cv-00430-LRS (ED Washington); and 12-35686 (Ninth Circuit Court of Appeals).

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE** -- 2

what facts and law the judge was able to ascertain through that case. *See Liteky v. United States*, 510 U.S. 540 (1994). A prior adjudication is insufficient to create a situation where a judge's impartiality could reasonably be questioned.

Next, Plaintiff accuses this Court of providing "prevaricated misquotes" regarding his prior litigation. He argues that in the prior action before this Court he did not have the "'8-boxes' of his legal property" he claims he needed to file a legally sufficient First Amended Complaint. Regardless, at the initial phase of litigation, a prisoner is not required to prove his case or to substantiate his allegations with evidence. A *pro se* prisoner plaintiff is merely required to present sufficient facts to state a claim upon which relief may be granted. Plaintiff did not do so and his action was dismissed.

Court records are explicit that the appeal of that dismissal was found to be frivolous. *See* Order of Ninth Circuit Court of Appeals in cause number 12-35686, filed on November 8, 2012 ("We deny appellant's motion to proceed in forma pauperis because we also find the appeal is frivolous. *See* 28 U.S.C. § 1915(a)."). Plaintiff's assertions to the contrary are not well taken. Therefore, Plaintiff has failed to disprove the prior finding that three or more of his prior actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Next, to excuse the preclusive effect of 28 U.S.C. § 1915(g), Plaintiff asserts that he was under "imminent danger of serious physical injury" at the Coyote Ridge

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 3**

Corrections Center.[2] In support of his assertion, Plaintiff avers that Correctional Officers came into his cell at Coyote Ridge Corrections Center, searched and read his legal documents, mixed his legal documents together, and confiscated other documents. ECF No. 9 at 6. While such actions might pertain to a possible access to the court claim, they clearly do not show that Plaintiff was under "imminent danger of serious physical injury." *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (discussing imminent danger exception to three-strikes rule).

Plaintiff then claims these correctional officers began to spread "slander about Mr. Slaughter," allegedly stating that Plaintiff was "snitching on staff and inmates too, because he's filing grievances, kites, letters, and civil complaints about us staff." ECF No. 9 at 6-7. Plaintiff states that "'agent provocateur inmates who work for [Correctional Officers] surreptitiously helped these two staff spread slanderous, degrading statements about Mr. Slaughter being allegedly a snitch for filing grievances and lawsuits against W.D.O.C. / S.C.C.C., C.R.C.C. staff which was intentional and malicious, odious and a nefarious plot and scheme to cause Mr. Slaughter to become persona non grata at C.R.C.C." *Id.,* at 7.

In addition, Plaintiff contends that correctional staff he has previously complained about either in grievances, kites or lawsuits, transfer between the Coyote

---

[2] He was subsequently moved to the Washington State Penitentiary.

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE** -- 4

Ridge Corrections Center and the Washington State Penitentiary. He claims he has seen some of these staff "mean mugging and staring" at him.

Conclusory assertions of a plot to make Plaintiff unpopular at a facility from which he was subsequently transferred, as well as assertions of speculative future retaliation by staff members, are insufficient to show "imminent danger of serious physical injury." *See Andrews v. Cervantes*, 493 F.3d at 1055-56. Even Plaintiff's assertion that other inmates might consider Plaintiff a "snitch" because he filed kites, grievances, and lawsuits against correctional staff is too attenuated to show "imminent danger of serious physical injury." *Id.*

Liberally construing Plaintiff's submissions in the light most favorable to him, the Court finds that Plaintiff has failed to present good cause as to why his application to proceed *in forma pauperis* should not be denied. Therefore, for the reasons set forth above and in the Order to Show Cause, ECF No. 8, **IT IS ORDERED** Plaintiff's application to proceed *in forma pauperis* is **DENIED.**

Although granted the opportunity to do so, Plaintiff did not pay the $400.00 fee ($350.00 filing fee, plus $50.00 administrative fee) to commence this action. Therefore, **IT IS ORDERED** this action is **DISMISSED** for failure to comply with the filing fee requirements of 28 U.S.C. § 1914. **IT IS FURTHER ORDERED** all pending motions are **DENIED as moot.**

**ORDER DENYING LEAVE TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE** -- 5

1  **IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, forward a copy to Plaintiff and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this   2nd   day of November 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SENIOR U.S. DISTRICT JUDGE

**ORDER DENYING LEAVE TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE** -- 6